IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Barry A. Harrison, Wesley T. Roach, and Dwayne M. Hawkins, | C/A No. 3:12-cv-1754-JFA |
| Plaintiffs, | |
| vs. | |
| South Carolina Department of Mental Health | **Order** |
| Defendant. | |

      Barry A. Harrison, Wesley T. Roach, and Dewayne M. Hawkins (collectively "Plaintiffs") filed a lawsuit alleging discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., against their employer, South Carolina Department of Mental Health ("Defendant").

      In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the case was referred to the Magistrate Judge for pretrial handling.[1]  Before the Magistrate Judge, Defendant moved for summary judgment. (ECF Nos. 34 and 35) Plaintiffs filed a response in opposition to Defendant's motion. (ECF Nos. 42 and 43)  Defendant replied. (ECF No. 48) This is the motion currently before this Court.

      On August 15, 2014, the Magistrate Judge issued a Report and Recommendation ("Report") wherein she recommends that this court grant Defendant's motion for summary judgment. (ECF No. 52)  Plaintiffs filed a statement of objection to the Report. (ECF No. 55) Thus, this matter is ripe for the court's review.

---

[1] The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976).

Parties must file with the clerk of court specific, written objections to the Report and Recommendation, if they wish the United States District Judge to consider them. Any written objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  FED. R. CIV. P. 72(b); *See Wright v. Collins,* 766 F.2d 841, 845-47 nn .1-3 (4th Cir.1985); *United States v. Schronce,* 727 F.2d 91, 94 n. 4 (4th Cir.1984). If a party fails to properly object because the objections lack the requisite specificity, the court need not conduct a *de novo* review.  *See Brooks v. James*, No. 2:10–2010–MBS, 2011 WL 4543994, at *2 (D.S.C. Sept. 30, 2011); *Veney v. Astrue*, 539 F. Supp. 2d 841, 846 (W.D. Va. 2008).  Further, a *de novo* review of the Magistrate's Report is unnecessary "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a proper objection, the court must "'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal citation omitted); *see also Thomas v. Arn*, 474 U.S. 140, 148–53 (1985).

In the matter before this Court, Plaintiffs begin their objections to the Report by stating "[the objections] are additionally supported by [their] Memorandum in Opposition to Defendant's Motion for Summary Judgment previously filed, with exhibits thereto, and incorporated herein by reference." (ECF No. 55, p. 1) To the extent Plaintiffs have failed to sufficiently identify the specific points of error in the Magistrate's legal analysis or merely make conclusory statements based on their arguments asserted in their Memorandum, those objections are not sufficient to require a *de novo* review of the Report by this Court.

**I.    Analysis**

The Report discusses Plaintiffs' discrimination claims for wage-based discrimination, failure to promote and other allegations of disparate treatment related to Plaintiffs' terms and conditions of employment. The Report also addresses Plaintiffs' claim for retaliation and whether evidence of pretext exists.[2] Plaintiffs have objected to findings rendered by the Magistrate related to all of these claims.

**A.  Race Discrimination**

Plaintiffs have objected to four findings of the Magistrate in relation to their racial discrimination claims for wage-based discrimination, failure to promote, other adverse actions, and pretext.

**1.  Wage-Based Discrimination**

Plaintiffs state three specific errors made by the Magistrate with regard to their wage-based discrimination claims: (1) the fact that some black Trade Specialist IV employees received salary adjustments should not preclude Plaintiffs' claims, (2) the salary evidence presented should have be considered, and (3) sufficient evidence was submitted to show pretext.

First, Plaintiffs argue that regardless of raises/salary adjustments given to other black employees, they have shown they were treated differently from other similarly situated employees outside of their class.  The Plaintiffs assert the Magistrate has "re-contextualized" the evidence and presented it in light more favorable to Defendant because it "sanctions" the process by which Defendant claims its made the fall 2011 raises.  However, the Magistrate's reliance on Defendant's representation that other black employees received raises is not a contorted view of

---

[2] The Report sets forth in detail relevant case law for Plaintiffs' causes of action, and the court incorporates such without recitation.

the evidence. Rather, this fact reveals a glaring flaw in Plaintiffs case, which the Magistrate pointed out, "Plaintiffs cannot show that the decision not to give Plaintiffs additional salary increases in fall 2011 was motivated by race." (Report, p. 9) The failure of Plaintiffs to demonstrate their differential treatment based on race proves fatal to their wage-based discrimination claim. Further, the evidence presented by Defendant shows the Plaintiffs did not receive a raise at the same time as all others in the department because they had already received their raise, as result of the settlement of their 2009 lawsuit. Accordingly, the Court agrees with the Magistrate's finding on this issue.

Second, Plaintiffs assert their proffered statistical salary evidence should have been considered by the Magistrate. Plaintiffs state their statistics were "derived from applying basic math to the information on a chart produced in discovery by the Defendant." (ECF No. 55, p. 15) The Magistrate elected not to consider this evidence presented by Plaintiffs because it lacked context and there was no expert to explain the methodology used to produce the information. In their objections, Plaintiffs admit "the law allows the Court discretion in considering statistical information." (ECF No. 55, p. 17) The Court has reviewed Plaintiffs' objection carefully and it agrees with the Magistrate's decision.

Last, Plaintiffs state the Magistrate's determination they did not present evidence of pretext was error, and they presented sufficient evidence that Defendant's non-discriminatory reason was not legitimate. However, the crux of Plaintiffs' objection rests on the statistical information properly excluded by the Magistrate. As such, the Court agrees with the Magistrate that Plaintiffs' have failed to submit any evidence creating an inference of pretext.

### 2. Failure to Promote

A claim for failure to promote requires a Plaintiff to show: (1) he is a member of a protected class; (2) his employer had an open position for which he applied or sought to apply; (3) he was qualified for the position; and (4) he was rejected under circumstances giving rise to an inference of unlawful discrimination. *Evans v. Technologies Applications & Service Co.*, 80 F.3d 954, 960 (4th Cir. 1996); see also *Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 268 (4th Cir. 2005). The Magistrate found that Plaintiffs failed to establish a *prima facie* case for failure to promote because many of the positions Plaintiffs complained about were actually lateral transfers that occurred as a result of Defendant's reorganization in 2011. Therefore, these positions were not "open" positions for which the Plaintiffs could have been considered. Additionally, the Magistrate indicated Plaintiffs never applied for the positions that came open in 2013, and there was no evidence to suggest that Plaintiffs were qualified for those positions. (Report, p. 10-11)

Plaintiffs object to the Report and argue the Magistrate's use of the *McDonald Douglas* factors "is uncalled for in this case because Plaintiffs have proffered a convincing mosaic of discrimination." (ECF No. 55, p. 19) (citing *Cason v. S.C. State Ports Auth.*, 2:11-CV-2241-RMG, 2014 WL 588065 (D.S.C. Feb. 14, 2014) (unpublished)). The *Cason* case cites *Hobgood v. Ill. Gaming Bd.*, 731 F.3d, 635, 643 (7th Cir. 2013) for the mosaic theory analysis. In *Hobgood*, the Seventh Circuit explained

> [n]o single piece of evidence might amount to a smoking gun . . . but the convincing mosaic approach allows a plaintiff to establish retaliation 'by assembling a number of pieces of evidence none meaningful in itself, consistent with the proposition of statistical theory that a number of observations each of which supports a proposition only weakly can, when taken as a whole, provide strong support if all point in the same direction'.

731 F.3d at 647. It appears the mosaic theory was established in the Seventh Circuit over twenty years ago; therefore, it is firmly established precedent within the Seventh Circuit. *Troupe v. May Dep't Stores Co.*, 20 F.3d 734, 737 (7th Cir. 1994). However, after research, this Court can only find one case within the Fourth Circuit that cited and applied the mosaic theory,[3] and it is the District of South Carolina case cited by Plaintiffs. This Court is not persuaded by the mosaic theory, or that application of the mosaic theory is binding. Further, Plaintiffs have cited to no precedent establishing that the Fourth Circuit Court of Appeals has adopted the mosaic theory. The Court has reviewed Plaintiffs' objection carefully and it finds no basis for disturbing the Magistrate's recommended disposition. This Court maintains the Magistrate Judge applied the proper Fourth Circuit precedent and agrees with the Magistrate's recommendation.

### 3. Other Adverse Actions

Plaintiffs object to the Magistrate's conclusion that there is no evidence demonstrating the other actions complained of by Plaintiffs show there was an adverse employment action. The Magistrate cites to relevant Fourth Circuit precedent that establishes a reassignment is not actionable under Title VII, unless it can be shown that the reassignment resulted in a significant detrimental effect. Similarly, a lower performance rating that still meets a satisfactory standard is not an adverse employment action constituting grounds for a Title VII claim. (Report, p. 12)

Plaintiffs object to these findings arguing the "mosaic theory" should be applied and "restricting such claims to the indirect method of proof is prejudicial error." (ECF 55, p. 22) For the reasons articulated above, this Court does not accept the mosaic theory and finds no error in the Magistrate's reasoning. Therefore, the Court adopts the Magistrate's recommendation with regard to the other adverse actions claimed by Plaintiffs.

---

[3] Another district within the Fourth Circuit references the mosaic theory in a footnote, but explicitly states that it is a Seventh Circuit analysis. *Castonguay v. Long Term Care Mgmt. Servs.*, LLC, 1:11CV682, 2014 WL 1757308 (M.D.N.C. Apr. 30, 2014) (unpublished).

### 4. Pretext

In her Report, the Magistrate found that based on the information presented by the parties, a reasonable jury could not find the Defendant's actions were discriminatory. The Magistrate's reasoning underpinning her decision was based in large part on the conclusory, speculative nature of Plaintiffs' arguments, which failed to show that any of the Defendant's decisions were a pretext for racial discrimination. Plaintiffs objected to this finding related to their allegations of post-lawsuit discrimination and failure to promote.

The Court has reviewed Plaintiffs' objections, as well as the record, and finds evidence of proffered legitimate non-discriminatory reasons for Defendant's actions. The Court further agrees with the Magistrate's assessment that Plaintiffs' failed to present evidence of pretext. This Court rejects Plaintiffs' argument based on mosaic theory. Accordingly, the Court adopts the Magistrate's finding and recommendation that Defendant be granted summary judgment on Plaintiff's racial discrimination claim.

## B. Retaliation

Many of the actions alleged by Plaintiffs in their racial discrimination claim also form the basis for their retaliation claim. After her review of this claim, the Magistrate found Plaintiffs had failed to present evidence that a "reasonable employee" would have considered the Defendant's actions to be materially adverse. (Report, p. 16) Further, the magistrate found the Plaintiffs fell short of proving their failure to promote claim because the positions complained of were either not open for promotion or Plaintiffs failed to apply for them. (Report, p. 17) In their objections, Plaintiffs assert the Magistrate erred in three ways: (1) in finding Defendant's employment actions immaterial, (2) in not finding pretext, and (3) in not allowing Plaintiffs' retaliation claims to proceeds under the direct method of proof.

The Court has reviewed Plaintiffs' objections, as well as the record, and concurs with the Magistrate's finding that Plaintiffs failed to prove materiality of the alleged employment actions by Defendant. Further, the Plaintiffs also failed to apply for positions that were open and many of the other positions complained of were not open or available for promotion. The record is devoid of evidence giving rise to an action that Defendant actually failed to promote Plaintiffs. Defendant offered legitimate non-discriminatory reasons for its employment decisions, including lateral transfers as a result of reorganization, increases in pay for other Trade Specialists as a result of the compression study conducted during the first suit brought by Plaintiffs, and lack of pay increases to Plaintiffs due to the raises they received as part of their settlement of the first suit.

Furthermore, the Court is not persuaded by Plaintiffs' mosaic theory argument for the reasons already articulated. In light of the foregoing, the Court adopts the Magistrate's recommendation that Defendant be granted summary judgment on Plaintiffs' retaliation claim.

## II. Conclusion

After a careful review of the record, of the applicable law, and of the Report and the objections thereto, this court finds the Magistrate Judge's recommendation is proper. Accordingly, the court adopts the Report and Recommendation of the Magistrate and hereby grants Defendant's motion for summary judgment.

IT IS SO ORDERED.

September 18, 2014                                   Joseph F. Anderson, Jr.
Columbia, South Carolina                             United States District Judge

8